RECEIPT # 69546
AO 241
AMOUNT (Rev. 12/04) 5
SUMMONS ISSUED_____
LOCAL RULE 4.1_____
WAIVER FORM_____
MCF ISSUED_____
BY DPTY. CLK. pcv
DATE 1-12-06

Scanned

**Petition for Relief From a Conviction or Sentence
By a Person in State Custody**

(Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus)

FILED
IN CLERKS OFFICE
2006 JAN 12 A 9:15
DISTRICT COURT
DISTRICT OF MASS.

Instructions 06 - 10066 RGS

MAGISTRATE JUDGE LTS

1. To use this form, you must be a person who is currently serving a sentence under a judgment against you in a state court. You are asking for relief from the conviction or the sentence. This form is your petition for relief.

2. You may also use this form to challenge a state judgment that imposed a sentence to be served in the future, but you must fill in the name of the state where the judgment was entered. If you want to challenge a federal judgment that imposed a sentence to be served in the future, you should file a motion under 28 U.S.C. § 2255 in the federal court that entered the judgment.

3. Make sure the form is typed or neatly written.

4. You must tell the truth and sign the form. If you make a false statement of a material fact, you may be prosecuted for perjury.

5. Answer all the questions. You do not need to cite law. You may submit additional pages if necessary. If you do not fill out the form properly, you will be asked to submit additional or correct information. If you want to submit a brief or arguments, you must submit them in a separate memorandum.

6. You must pay a fee of $5. If the fee is paid, your petition will be filed. If you cannot pay the fee, you may ask to proceed in forma pauperis (as a poor person). To do that, you must fill out the last page of this form. Also, you must submit a certificate signed by an officer at the institution where you are confined showing the amount of money that the institution is holding for you. If your account exceeds $_____, you must pay the filing fee.

7. In this petition, you may challenge the judgment entered by only one court. If you want to challenge a judgment entered by a different court (either in the same state or in different states), you must file a separate petition.

8. When you have completed the form, send the original and two copies to the Clerk of the United States District Court at this address:

   Clerk, United States District Court for
   Address
   City, State Zip Code

9. **CAUTION:** You must include in this petition all the grounds for relief from the conviction or sentence that you challenge. And you must state the facts that support each ground. If you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

10. **CAPITAL CASES:** If you are under a sentence of death, you are entitled to the assistance of counsel and should request the appointment of counsel.

≋AO 241 (Rev. 12/04)

Page 2

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: Massachusetts | |
|---|---|---|
| Name (under which you were convicted): DiJuan Jackson | | Docket or Case No.: |
| Place of Confinement: MCI-Shirley, Harvard Road, P.O. Box 1218, Shirley, MA 01464 | | Prisoner No.: W69543 |
| Petitioner (include the name under which you were convicted) DiJuan Jackson | v. | Respondent (authorized person having custody of petitioner) Michael A. Thompson, Superintendent and Thomas F. Reilly, |
| The Attorney General of the State of Massachusetts | | |

### PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:
Suffolk County Superior Court for Criminal Business Suffolk County Courthouse, 14th Floor, Three Pemberton Square, Boston, MA 02108

   (b) Criminal docket or case number (if you know): SuCR1999-10771

2. (a) Date of the judgment of conviction (if you know): May 24, 2001

   (b) Date of sentencing: May 29, 2001

3. Length of sentence: 9 years, 11 months to 10 years and 4 years 11 months to 5 years (from and after)

4. In this case, were you convicted on more than one count or of more than one crime?   ☑ Yes   ☐ No

5. Identify all crimes of which you were convicted and sentenced in this case:
assault and battery by means of a dangerous weapon; possession of a firearm

6. (a) What was your plea? (Check one)
   ☑ (1) Not guilty       ☐ (3) Nolo contendere (no contest)
   ☐ (2) Guilty           ☐ (4) Insanity plea

AO 241 (Rev. 12/04)

Page 4

(5) Citation to the case (if you know): 442 Mass. 1107

(6) Grounds raised: (1) sentence imposed in violation of right against self-incrimination under the 5th and 14th amendments. (2) Sentence imposed in violation of right to jury trial under 6th and 14th amendments per Blakely v. Washington, ___ U.S. ___ (June 24, 2004) (3) violation of 6th amendment's Confrontation Clause and 14th amendment by preclusion of reasonable cross-examination of material witness as to any bias resulting from charge pending against the witness.

(h) Did you file a petition for certiorari in the United States Supreme Court?  ☒ Yes  ☐ No

If yes, answer the following:

(1) Docket or case number (if you know): 04-7556

(2) Result: Petition for writ of certiorari denied.

(3) Date of result (if you know): January 24, 2005

(4) Citation to the case (if you know): 125 S. Ct. 1088

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?  ☐ Yes  ☒ No

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court:

N/A

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes  ☐ No

(7) Result:

(8) Date of result (if you know):

(b) If you filed any second petition, application, or motion, give the same information:   N/A

    (1) Name of court:

    (2) Docket or case number (if you know):

    (3) Date of filing (if you know):

    (4) Nature of the proceeding:

    (5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

    ☐ Yes    ☐ No

(7) Result:

(8) Date of result (if you know):

(c) If you filed any third petition, application, or motion, give the same information:   N/A

    (1) Name of court:

    (2) Docket or case number (if you know):

    (3) Date of filing (if you know):

    (4) Nature of the proceeding:

    (5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes ☐ No        N/A

(7) Result:

(8) Date of result (if you know):

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?        N/A

(1) First petition:   ☐ Yes   ☐ No
(2) Second petition:  ☐ Yes   ☐ No
(3) Third petition:   ☐ Yes   ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

N/A

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

GROUND ONE: By sentencing petitioner more harshly because he did not incriminate himself, the trial judge violated petitioner's right against self-incrimination under the 5th and 14th amendments.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

At sentencing the trial judge indicated that he was sentencing petitioner more harshly because, as to petitioner's alleged conduct toward the alleged victim, "There [was] no explanation, no indication of any remorse, no context." Petitioner was convicted of assault and battery by means of a dangerous weapon, punishable by a maximum of 10 years of imprisonment, and possession of a firearm, punishable by a maximum of 5 years of imprisonment. Petitioner was sentenced to 9 years 11 months to 10 years of imprisonment for assault and battery by means of a dangerous weapon and to a consecutive sentence of 4 years 11 months to 5 years of imprisonment for possession of a firearm.

(b) If you did not exhaust your state remedies on Ground One, explain why:

N/A

(c) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ☑ Yes ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes ☑ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed: N/A

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☐ No

(4) Did you appeal from the denial of your motion or petition? ☐ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☐ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

AO 241 (Rev. 12/04)

Page 8

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One:   N/A

**GROUND TWO:** By precluding reasonable cross-examination of a material witness as to any bias resulting from a charge pending against the witness, the trial judge violated petitioner's right of confrontation under the 6th amendment's Confrontation Clause and the 14th amendment.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
The trial judge precluded petitioner from cross-examining a material prosecution witness as to any bias he may have had in favor of the prosecution resulting from a charge of possession of ammunition that was pending against the witness. This ruling was based on the trial judge's determination that the witness's direct testimony had been consistent with his statements prior to the pendency of the charge against the witness. Any consistency between the witness's testimony and his pre-charge statements could not have demonstrated that his testimony was unaffected by bias because the witness had lied significantly to authorities about this case prior to the pendency of the charge against him.

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c)     **Direct Appeal of Ground Two:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?    ☑ Yes    ☐ No

    (2) If you did <u>not</u> raise this issue in your direct appeal, explain why:

(d)     **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

        ☐ Yes    ☑ No

    (2) If your answer to Question (d)(1) is "Yes," state:   N/A

    Type of motion or petition:

    Name and location of the court where the motion or petition was filed:

    Docket or case number (if you know):

    Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):   N/A

(3) Did you receive a hearing on your motion or petition?   ☐ Yes   ☐ No
(4) Did you appeal from the denial of your motion or petition?   ☐ Yes   ☐ No
(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes   ☐ No
(6) If your answer to Question (d)(4) is "Yes," state:
Name and location of the court where the appeal was filed:

Docket or case number (if you know):
Date of the court's decision:
Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

N/A

(e)   **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you :
have used to exhaust your state remedies on Ground Two   N/A

**GROUND THREE:**   N/A

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

AO 241
(Rev. 12/04)

(b) If you did not exhaust your state remedies on Ground Three, explain why?

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ☐ Yes ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☐ No

(4) Did you appeal from the denial of your motion or petition? ☐ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☐ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three:

**GROUND FOUR:** N/A

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c) **Direct Appeal of Ground Four:**

    (1) If you appealed from the judgment of conviction, did you raise this issue? ☐ Yes ☐ No

    (2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

        ☐ Yes ☐ No

    (2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

AO 241
(Rev. 12/04)

Page 12

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☐ No

(4) Did you appeal from the denial of your motion or petition? ☐ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☐ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four:

AO 241 (Rev. 12/04)

Page 13

13. Please answer these additional questions about the petition you are filing:

   (a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?  ☑ Yes   ☐ No

   If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them:

   (b) Is there any ground in this petition that has not been presented in some state or federal court? If so, ground or grounds have not been presented, and state your reasons for not presenting them:

   No.

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?  ☑ Yes   ☐ No

   If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available. U.S. Supreme Court, 1 First Street, NE, Washington, DC. Petition for writ of certiorari. Issues: (1) Whether petitioner's sentence was invalid under the 6th amendment right to a jury trial as interpreted in Blakely v. Washington, 124 S. Ct. 2531 (2004); (2) Whether petitioner's sentencing merited U.S. Supreme Court review in light of the Court's consideration of Booker v. United States, 375 F.3d 508 (7th Cir. 2004) and United States v. Fanfan, 2004 U.S. Dist. LEXIS 18593 (D. Me. June 28, 2004). Petition was denied on January 24, 2005.

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?  ☐ Yes   ☑ No

   If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the raised.

AO 241 (Rev. 12/04)

Page 14

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing:

N/A

(b) At arraignment and plea:

Michael C. Bourbeau, Bourbeau + Bonilla, 77 Central Street, Second Floor, Boston, MA 02109.

(c) At trial:

Same as (b).

(d) At sentencing:

Same as (b) and (c)

(e) On appeal:

David H. Mirsky, Attorney at Law, 99 Water Street, P.O. Box 1063, Exeter, NH 03833

(f) In any post-conviction proceeding:

N/A

(g) On appeal from any ruling against you in a post-conviction proceeding:

N/A

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?    ☐ Yes   ☑ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

N/A

(b) Give the date the other sentence was imposed: N/A

(c) Give the length of the other sentence: N/A

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?   ☐ Yes   ☐ No   N/A

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

This petition is timely filed under 28 U.S.C. §2244(d)(1)(A) because it is being filed within one year after January 24, 2005, which is the date that petitioner's petition for writ of certiorari was denied by the U.S. Supreme Court (and therefore the date on which the judgment became final by the conclusion of direct review).

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

    (1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

        (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

        (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

        (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

        (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241 (Rev. 12/04)

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: *Reverse his convictions and grant him a new trial, or, in the alternative, vacate his sentences and remand the case for resentencing,*
or any other relief to which petitioner may be entitled.

_David H. Mirsky_
Signature of Attorney (if any)

David H. Mirsky, Attorney at Law
(MA BBO #559367)
99 Water Street, P.O. Box 1063, Exeter, NH 03833

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct, ~~and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on~~ _____ ~~(month, date, year)~~.

Executed (signed) on   1/11/06   (date).

_[signature]_
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

IN FORMA PAUPERIS DECLARATION

_____

[insert appropriate court]

* * * * *

# Supreme Court of the United States
## Office of the Clerk
## Washington, DC 20543-0001

William K. Suter
Clerk of the Court
(202) 479-3011

January 24, 2005

Mr. David H. Mirsky
99 Water St.
P.O. Box 1063
Exeter, NH 03833

    Re:  Dijuan Jackson
           v. Massachusetts
           No. 04-7556

Dear Mr. Mirsky:

    The Court today entered the following order in the above-entitled case:

    The petition for a writ of certiorari is denied.

                      Sincerely,

                      William K. Suter, Clerk

Service: **Get by LEXSEE®**
Citation: **125 S ct 1088**

✦Select for FOCUS™ or Delivery

*125 S. Ct. 1088; 160 L. Ed. 2d 1081;*
*2005 U.S. LEXIS 900, \*; 73 U.S.L.W. 3448*

Dijuan Jackson, Petitioner v. Massachusetts.

No. 04-7556.

SUPREME COURT OF THE UNITED STATES

125 S. Ct. 1088; 160 L. Ed. 2d 1081; 2005 U.S. LEXIS 900; 73 U.S.L.W. 3448

January 24, 2005, Decided

**PRIOR HISTORY:** Commonwealth v. Jackson, 61 Mass. App. Ct. 1111, 810 N.E.2d 862, 2004 Mass. App. LEXIS 692 (2004)

**JUDGES: [\*1]** Rehnquist, Stevens, O'Connor, Scalia, Kennedy, Souter, Thomas, Ginsburg, Breyer.

**OPINION:** Petition for writ of certiorari to the Appeals Court of Massachusetts denied.

Service: **Get by LEXSEE®**
Citation: **125 S ct 1088**
View: Full
Date/Time: Wednesday, January 4, 2006 - 5:31 PM EST

\* Signal Legend:
- Warning: Negative treatment is indicated
- Questioned: Validity questioned by citing refs
- Caution: Possible negative treatment
- Positive treatment is indicated
- Citing Refs. With Analysis Available
- Citation information available

\* Click on any *Shepard's* signal to *Shepardize®* that case.


About LexisNexis | Terms & Conditions
Copyright © 2006 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.